

# Missouri Court of Appeals

## Southern District

### Division One

ALLEN R. KILLIAN,            )
                                   )
           Respondent,       )
                                   )
   vs.                        )     No. SD33832
                                   )
MISSOURI STATE HIGHWAY PATROL,)    FILED:  November 23, 2015
                                   )
           Appellant.        )

APPEAL FROM THE CIRCUIT COURT OF NEW MADRID COUNTY

Honorable Fred Copeland, Judge

**REVERSED AND REMANDED**

*(Before Scott, P.J., Bates, J., and Sheffield, C.J.)*

PER CURIAM.  Allen Killian filed a petition "pursuant to Section 589.400(7)" to remove his name from Missouri's sex offender registry.[1] The local prosecutor, notified per §589.400.9, offered no objection. After a brief hearing at which only Killian and his attorney appeared, the trial court entered an order in Killian's favor.

---

[1] Statutory citations are to RSMo as amended through 2012; rule references are to Missouri Court Rules (2014). Since there is no §589.400(7), we presume Killian meant to cite §589.400.7.  Killian did not request relief from registering under the federal Sex Offender Registration and Notification Act (SORNA), 42 U.S.C. §16901 *et seq.*; *compare* **Dunivan v. State**, 466 S.W.3d 514, 516 n.1 (Mo. banc 2015).

Shortly thereafter, the Missouri State Highway Patrol (MSHP) "and the State of Missouri, through the Attorney General's Office" moved to intervene as a matter of right. Their motion was denied. Eventually, a final judgment was entered in favor of Killian.

MSHP appeals, asserting in part trial court error in denying its motion to intervene.[2]  We must agree.  Under **Dunivan** (decided after the trial court's ruling), MSHP satisfies Rule 52.12(a)(2)'s elements and was entitled to intervene in Killian's case below. *See* 466 S.W.3d at 519-20.  We grant MSHP's third point, reverse the trial court's judgment, and remand for further proceedings.[3]

---

[2] The "State of Missouri, through the Attorney General's Office" did not join the notice of appeal.

[3] As in **Dunivan**, we do not reach MSHP's other, merit-based points because MSHP will have the opportunity to present those arguments to the trial court on remand.